IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LARRY HARRIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-080 |
| | ) | |
| JERMAINE WHITE, Warden; DAVID | ) | |
| CHANEY, M.D.; MORGAN, Medical | ) | |
| Director; BEVERLY MURRAY, Physician | ) | |
| Assistant; NURSE RAWLINS; and CO 2 | ) | |
| SARSHAH WOODARD,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at Telfair State Prison ("TSP") in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

   **A.     BACKGROUND**

Plaintiff names as Defendants: (1) Jermaine White, Warden, (2) David Chaney, M.D., (3) Morgan, Medical Director, (4) Beverly Murray, Physician Assistant, (5) Nurse Rawlins,

---

[1] The Court **DIRECTS** the **CLERK** to update the Defendants' titles in accordance with the caption of this Order, which is consistent with Plaintiff's complaint. (See doc. no. 1-1, pp. 1, 4.)

and (6) CO 2 Sarshah Woodard. (Doc. no. 1-1, pp. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 30, 2023, at approximately 9:50 a.m., Plaintiff attempted to notify Defendant Rawlins that he was seriously ill and needed medical attention immediately. (Id. at 5.) Defendant Rawlins directed Plaintiff to step aside until she finished pill call. (Id.) When pill call ended, Defendant Woodard locked Plaintiff's unit and left with Defendant Rawlins. (Id.) To get the attention of Defendants Rawlins and Woodard, Plaintiff and another inmate banged on the door, but they were ignored. (Id.) Plaintiff then asked an orderly to contact a unit manager. (Id.) The unit manager ordered Defendant Woodard to take Plaintiff to the medical unit. (Id.) Due to chest pains and shortness of breath, Plaintiff was unable to walk to the medical unit on his own. (Id. at 5, 10.) Plaintiff was transported by wheelchair to the medical unit and, upon receiving an x-ray and an examination by Defendants Murray and Dr. Chaney, Plaintiff was immediately taken to the emergency room at Fairview Hospital in Dublin, Georgia. (Id. at 5.) Plaintiff was diagnosed with double pneumonia and the flu and remained hospitalized for ten days. (Id.)

On June 8, 2023, Plaintiff returned to TSP and was transported by wheelchair back to his unit. (Id. at 5, 10.) On June 9, 2023, a medical unit manager explained to Plaintiff that if he wanted to obtain follow-up medication, Plaintiff would be required to walk to the medical unit to receive his medication. (Id. at 5, 10.) If Plaintiff was too weak to walk to receive his medication, he was told he would have to be placed in the lockdown unit to receive his medication. (Id.)

Plaintiff requests equitable relief and monetary damages. (Id. at 11.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

3

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants White and Morgan

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants Jermaine White, then-Warden of TSP, and Morgan, Medical Director, in the caption of his amended complaint, Plaintiff does not mention these defendants anywhere in the statement of his claim nor does he make any allegations associating Defendants White or Morgan with any purported constitutional violations. (See generally doc. no. 1-1.) Dismissal of Defendants White and Morgan is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

Moreover, Plaintiff fails to state a claim against Defendants White and Morgan by virtue of their supervisory positions at TSP. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of

4

*respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold Defendants White or Morgan liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Here, Plaintiff merely alleges Defendant White was the Warden at TSP at the time of his allegations, and Defendant Morgan is the Medical Director.  (See generally doc. no. 1-1.)  However, he does not allege Defendants White or Morgan participated in any alleged violations.  Therefore, Plaintiff must allege a causal connection between Defendants White or Morgan and the asserted constitutional violations in order to hold either defendant liable.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread

5

abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences."  Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendants White or Morgan liable.  Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of inmates at TSP, (2) an improper custom or policy put in place by Defendant White or Morgan regarding treatment of inmates, or (3) an inference Defendant White or Morgan directed prison employees to act, or knew they would act, unlawfully.  Indeed, as already explained above, Plaintiff does not mention Defendants White or Morgan in his statement of the claim.  The only potential custom or policy mentioned is the alleged requirement that he walk to the medical unit to receive his medication.  (Id. at 5, 10.)  However, the alleged practice seems to be something Plaintiff merely heard of, has never actually experienced, and does not know whether its origins can be traced to any defendant.  In sum, Plaintiff has not shown Defendant White or Defendant Morgan actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendants White and Morgan.

    **3.**    **Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendants Woodard, Rawlins, Chaney, and Murray**

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate

6

indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans,

792 F.2d 1052, 1058 (11th Cir. 1986).

First, Plaintiff fails to state a medical indifference claim against Defendants Woodard and Rawlins. Plaintiff offers no description of his condition to discern whether the medical attention he demanded while Defendants Woodard and Rawlins conducted pill call was so obvious that even a layperson would easily recognize the need for immediate emergency care. (See generally doc. no. 1-1.) As to Defendant Woodard, Plaintiff makes no allegation that Defendant Woodard was made aware of Plaintiff's need for medical attention at all, as he only attempted to inform Defendant Rawlins of his purported condition. Just as importantly, the Complaint makes clear that, despite his unsuccessful attempt to get the attention of Defendants Woodward and Rawlins, Plaintiff was nonetheless successful in obtaining immediate care and thus suffered no injury as a result of the momentary delay.

Second, Plaintiff fails to state a valid medical deliberate indifference claim against Defendants Chaney and Murray. In fact, Plaintiff states that, upon evaluation by Defendants Chaney and Murray, he was "immediately transported to the [emergency room]." (Doc. no. 1-1, p. 5.) Plaintiff makes no allegation that Defendants Chaney and Murray acted inadequately or otherwise failed to render appropriate medical care to him. Thus, he fails to state a claim of medical indifference against Defendants Chaney and Murray.

In sum, Plaintiff fails to state a valid medical indifference claim against Defendants Woodard, Rawlins, Chaney, and Murray, as he does not allege they rendered constitutionally inadequate medical care to him.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA